Guo v. Boente

BIA
Poczter, IJ
A205 226 427

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand seventeen.

PRESENT:
>JOHN M. WALKER, JR.,
>REENA RAGGI,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

JUN GUO,
>*Petitioner*,

>v.

DANA J. BOENTE, ACTING UNITED
STATES ATTORNEY GENERAL,
>*Respondent.**

15-3925
NAC

_____

FOR PETITIONER: Zhong Yue Zhang, Flushing, N.Y.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; Elizabeth K. Fitzgerald-Sambou, Trial Attorney, Office of

_____

* The Clerk of Court is respectfully requested to amend the caption to conform to the above.

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jun Guo, a native and citizen of the People's Republic of China, seeks review of the BIA's November 30, 2015 decision affirming an Immigration Judge's ("IJ") August 19, 2014 denial of Guo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Guo,* No. A205 226 427 (B.I.A. Nov. 30, 2015), *aff'g* No. A205 226 427 (Immig. Ct. N.Y. City Aug. 19, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

For asylum applications like Guo's, governed by the REAL ID Act, the IJ may, "[c]onsidering the totality of the circumstances," base a credibility finding on, *inter alia*, an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in his or his witness' statements. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, the IJ's adverse credibility determination here rests on substantial evidence.

The IJ reasonably relied on inconsistencies between Guo's testimony and his wife's letter concerning his detention, an event central to his claim of persecution. *Id.* at 166-67; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding." (citations and internal quotation marks omitted)).

3

Guo testified that he was detained for six days, during which he was beaten and interrogated. When asked why his wife's letter omitted the detention and beating, Guo provided a series of inconsistent responses: she was aware of his detention but omitted it because it was "useless" information; she was unaware of his detention; she knew about his detention but did not know he was seeking asylum; and although she knew everything that had happened, it was "her letter" and he had just told her to "write down everything [she] kn[e]w." A.R. 120-22. The IJ was not required to credit Guo's shifting explanations, which did not account for why his wife would omit the basis of his persecution claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (citations and internal quotation marks omitted)).

Guo concedes this omission, but faults the IJ for failing to consider or give weight to his mother's letter, which corroborated his detention. The IJ explicitly acknowledged Guo's mother's letter but gave it diminished weight, as the IJ

4

was entitled to do, because it omitted other information important to Guo's persecution claim, *i.e.*, that officials continued to question Guo's wife concerning Guo years after his detention. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to an applicant's evidence "lies largely within the discretion" of the IJ (alteration and internal quotation marks omitted)).

The IJ also reasonably rested her adverse credibility determination on inconsistencies concerning Guo's confrontation with his company's director. In his application, Guo asserted that he and two colleagues confronted the company's leaders about a housing list. On cross examination, Guo testified that he confronted the company's director alone. The IJ was not required to credit Guo's explanation that he did not notice this mistake in his application. Guo signed the application, twice confirmed that he was aware of its contents, and identified a different error in the application. *See* 8 C.F.R § 1208.3(c)(2) ("The applicant's signature establishes a presumption that the applicant is aware of the contents of the application."); *Majidi*, 430 F.3d at 80-81.

5

Guo's termination notice further undermined his credibility. Guo testified that he was terminated in February 2008, but the termination notice he produced was dated December 2013. The IJ reasonably rejected his explanations. His first explanation, that in 2013 he asked the director who fired him to provide proof of his termination, was called into question by the fact that he came to the United States in 2011. When confronted with that point, Guo immediately changed his testimony to say that his wife obtained the notice. The IJ reasonably rejected Guo's shifting explanations because they introduced further inconsistency. *See Majidi*, 430 F.3d at 80-81.

The adverse credibility determination is further bolstered by the IJ's findings regarding Guo's demeanor, to which we give particular deference. *See id.* at 81 n.1. The IJ observed that, while Guo "testified fairly smoothly" on direct regarding information in his application, his testimony became "highly evasive" and unresponsive on cross examination. A.R. 59. "Evasiveness is, of course, one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility." *Tu Lin v. Gonzales*, 446 F.3d

6

395, 400 (2d Cir. 2006).  And the record supports the IJ's finding.  For example, when asked whether his intent was to return to China when he first came to the United States, Guo repeatedly avoided answering the question, stating alternately that he "came here to travel," that he "consulted [an] attorney about . . . whether [he] could seek protection[] here," and that he "did not come here [to seek] asylum."  A.R. 42-43.

Given the multiple inconsistencies and Guo's demeanor, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167. Because all three forms of relief are based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7